**UNITED STATES of America,**
**Appellee,**

v.

**Robert James VITAGLIANO, a.k.a. "Bobby," Wared T. Abdellatif, a.k.a. "Wadi," a.k.a. "Warren," Defendants,**

---

James VENTRY, Defendant–Appellant.

No. 03–1313.

United States Court of Appeals,
Second Circuit.

Feb. 5, 2004.

Thomas Theophilos, Buffalo, New York, for Appellant.

Anthony M. Bruce, Assistant United States Attorney, Western District of New York, (Michael A. Battle, United States Attorney), Buffalo, New York, for Appellee.

Present: CALABRESI, B.D. PARKER, and RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction entered on May 9, 2003, is hereby **AFFIRMED.**

James Ventry was found guilty by jury verdict of witness tampering in violation of 18 U.S.C. § 1512(b)(1), for which crime he was sentenced principally to forty-eight months' incarceration. On appeal, he raises myriad challenges to his conviction, none of which has merit.

### 1. *Sufficiency of the Evidence/ Motion for a New Trial*

■ Ventry submits that an e-mail sent to his girlfriend on February 6, 2001, was too ambiguous as to criminal intent to support a conviction for witness tampering.

A defendant who challenges the sufficiency of the evidence supporting his conviction bears a heavy burden. Although we review such claims *de novo,* we consider the evidence in its totality and in the light most favorable to the prosecution. *See United States v. Henry,* 325 F.3d 93, 103 (2d Cir.2003); *United States v. Glenn,* 312 F.3d 58, 63–64 (2d Cir.2002). We must affirm the conviction if *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original); *accord United States v. Henry,* 325 F.3d at 103.

The jury was properly instructed in this case as to the two elements of witness tampering in violation of § 1512(b)(1): a defendant must (1) use force, intimidation, threats, misleading conduct, or corrupt persuasion against a witness; and (2) act knowingly, and with the specific intent to impede an official federal proceeding. *See*

*United States v. Thompson,* 76 F.3d 442, 452–53 (2d Cir.1996); *see also* 2 L. Sand et al., *Modern Federal Jury Instructions,* at 46–73 to 46–82 (Instructions 46–30 to 46–32) (2003).

The evidence in this case, when viewed in the light most favorable to the prosecution, establishes both these elements. Within twenty-four hours of Ventry's learning from his girlfriend that she had truthfully disclosed to federal agents his involvement in a robbery, Ventry sent the woman an e-mail threatening to have his lawyer use personal, intimate information to "destroy" the woman's reputation if she did not have an attorney call the prosecutor "and tell him that the statement was made under deress [sic] and that it is not true" and that she would so testify if called before the Grand Jury. Even if this threat to reputation alluded only to future lawful conduct by Ventry's attorney in the defense of his client's case, the jury was reasonably entitled to conclude from the totality of the circumstances that Ventry's specific intent in threatening reputational harm was to corruptly persuade the woman to recant what she had expressly told him—and what Ventry believed—was a truthful inculpatory statement. *See United States v. Thompson,* 76 F.3d at 452–53 (holding that "corruptly persuades" means persuasion motivated by an improper purpose, and finding evidence of corrupt persuasion sufficient where defendant urged witness to make false statements). As we explained in *United States v. Jackson,* 180 F.3d 55, 70–71 (2d Cir.1999), a case involving Hobbs Act extortion, otherwise lawful threats to injure reputation are criminal when made to obtain something to which the threatening party has no claim of right. *See also* 18 U.S.C. § 1512(e) (establishing affirmative defense if defendant proves by a preponderance of the evidence that he engaged in only lawful conduct and that his intent was to have the witness tell

the truth). Accordingly, we reject Ventry's sufficiency challenge as without merit.

For the same reasons, we also hold that the district court properly denied Ventry's motion for a new trial. *See United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001).

### 2. *Limits on Cross Examination*

■ Ventry submits that the district court impermissibly precluded as irrelevant defense cross-examination of Ventry's girlfriend regarding her reasons for consulting with an attorney and the dates of her meetings with counsel. Trial courts enjoy "wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on . . . cross-examination based on concerns about, among other things, . . . interrogation that is repetitive or only marginally relevant" to the issues in dispute. *United States v. Crowley*, 318 F.3d 401, 417 (2d Cir.2003) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986)) (internal quotation marks omitted). "The decision of the trial court to restrict cross-examination will not be reversed on appeal unless its broad discretion has been abused." *United States v. Maldonado–Rivera*, 922 F.2d 934, 956 (2d Cir.1990). Upon review of the trial record, we cannot say that the district court's challenged limitations in this case constituted an abuse of this broad discretion. *See id.*

Further, the district court committed no error in sustaining objection to a defense question that asked Ventry's girlfriend to speculate as to whether it was "possible" that his purpose, in discussing a robbery with her, was to communicate what he was accused of doing rather than, as the witness had understood, to admit what he had done. The inquiry was plainly objectionable pursuant to Fed.R.Evid. 602.

### 3. *Jury Charge*

We also reject Ventry's argument that the district court erred in (1) instructing the jury that an adverse inference could be drawn from Ventry's silence in response to a robbery accusation by his girlfriend, and (2) failing to give a *"falsus in uno"* charge to the jury.

■ "We review challenged jury instructions *de novo* but will reverse only if all of the instructions, taken as a whole, caused a defendant prejudice." *United States v. Bok*, 156 F.3d 157, 160 (2d Cir. 1998). Given that Ventry was acquitted of robbery, it appears highly unlikely that he was prejudiced by the challenged charge regarding his silence. In any event, given the testimony elicited at trial, we conclude that a proper factual predicate supported the silence instruction. *See* 1 L. Sand et al., *Modern Federal Jury Instructions*, at 5–62 to 5–64 (Instruction 5–22) (2003); *see also United States v. Tocco*, 135 F.3d 116, 128–29 (2d Cir.1998) ("Absent circumstances that render it more probable that a person would not respond to an accusation against him than that he would, such person's silence or other ambiguous conduct is admissible as an adoptive admission under Fed.R.Evid. 801(d)(2)(B)."). *See generally United States v. Svoboda*, 347 F.3d 471, 481 (2d Cir.2003) (holding jury instruction not improper where factual predicate established).

Neither did the district court err in refusing to charge *"falsus in uno."* The charge is generally disfavored, *see* 1 L. Sand et al., *Modern Federal Jury Instructions*, at 7–63 (Instruction 7–17) (2003), and this court has long questioned its val-

ue, *see United States v. Weinstein,* 452 F.2d 704, 713 (2d Cir.1971). Because Ventry does not even attempt to argue that he was prejudiced by the court's decision, we reject this challenge as without merit. *See United States v. James,* 239 F.3d 120, 124–25 (2d Cir.2000).

### 4. *Alleged Juror Misconduct*

 Ventry faults the district court for failing to investigate whether possible extraneous pressures may have influenced the jury verdict. We agree with the district court that the allegation of extraneous pressure was too vague and insubstantial to warrant a hearing, *see United States v. Ianniello,* 866 F.2d 540, 543 (2d Cir.1989). Finding no abuse of discretion, we affirm its decision on this point substantially for the reasons it gave.

### 5. *Sentencing Error*

Finally, we conclude that the district court properly applied the Sentencing Guidelines in calculating Ventry's base offense level. *See United States v. Suleiman,* 208 F.3d 32, 38–39 (2d Cir.2000).

In sum, because we find all of Ventry's points on appeal to be without merit, the district court's May 9, 2003 judgment of conviction is hereby AFFIRMED.